223 So.2d 856

**STATE of Louisiana**

v.

**J. V. DUNN.**

No. 49578.

June 9, 1969.

Rehearing Denied June 27, 1969.

1. The property for which defendant was charged with theft consisted of 5,984 board feet of pine saw logs, 2,502 board feet of hardwood saw logs, 18.34 cords of pine pulpwood and 7.44 cords of hardwood pulpwood.

2. "Theft is the misappropriation or taking of anything of value which belongs to another, either without the consent of the other to the misappropriation or taking, or by means of fraudulent conduct, practices or representations. An intent to deprive the other permanently of what-

Paul Henry Kidd, Ruston, for appellant.

Jack P. F. Gremillion, Atty. Gen., William P. Schuler, Asst. Atty. Gen., Ragan D. Madden, Dist. Atty., for appellee.

FOURNET, Chief Justice.

The defendant J. V. Dunn, prosecutes this appeal from his conviction and sentence to serve four years in the state penitentiary on a charge by bill of indictment with the theft of property [1] valued at $447.58 in violation of L.R.S. 14:67,[2] relying for the reversal thereof on a single bill of exception timely reserved and perfected to the overruling by the trial judge of his pretrial motion for a twelve man jury.[3]

Counsel for defendant contends that under the guarantees of the 6th Amendment

ever may be the subject of the misappropriation or taking is essential.

"Whoever commits the crime of theft, when the misappropriation or taking amounts to a value of one hundred dollars or more, shall be imprisoned, with or without hard labor, for not more than ten years. * * *." (Emphasis added.)

3. Under the express provisions of Section 41 of Article 7 of our Constitution of 1921 it is provided, " * * * Cases in which punishment may be at hard labor,

to the Constitution of the United States [4] appellant, having been charged with a serious offense subject to a possible penalty of 10 years imprisonment, was entitled to a trial by a twelve man jury whose verdict must be unanimous, citing as authority therefor the decisions of the United States Supreme Court in the cases of Duncan v. Louisiana, 391 U.S. 145, 88 S.Ct. 1444, 20 L.Ed.2d 491, and Thompson v. Utah, 170 U.S. 343, 18 S.Ct. 620, 42 L.Ed. 1061.

Counsel is in error in his appreciation of the holding of the court in the Duncan case. The United States Supreme Court in that case merely held, " * * * That in the American States, as in the federal judicial system, a general grant of a jury trial for serious offenses is a fundamental right, essential for preventing miscarriages of justice and for assuring that fair trials are provided for all defendants. * .* * Thus, we hold no constitutional doubts

shall be tried by a jury of five, all of whom must concur to render a verdict, * * *." See, also Article 782, Code of Criminal Procedure.

4. "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining Witnesses in his favor, and to have the Assistance of counsel for his defence."

about the practices, common in both federal and state courts, of accepting waivers of jury trial and prosecuting petty crimes without extending a right to a jury trial."

A reading of the case of Thompson v. Utah, supra, will readily disclose that it is inapposite from a factual as well as a legal standpoint.[5] Moreover, the inapplicability of the Thompson case to the one under consideration was clearly demonstrated by the United States Supreme Court in the course of its opinion in the Duncan case wherein they observed Louisiana objected to the application of the decision of the court interpreting the 6th Amendment as guaranteeing a 12 man jury, citing the Thompson case, to which the court declared in footnote 30, "It seems very unlikely to us that our decision today will require widespread changes in state criminal processes," pointing out, "First, our decisions interpreting the Sixth Amendment.

5. Thompson, having been granted a new trial of his conviction for grand larceny when Utah was a Territory, was again convicted when tried after the admission of Utah into the Union whereby it was provided in its constitution that, "In courts of general jurisdiction, except in capital cases, a jury shall consist of eight jurors." The United States Supreme Court, in reversing his conviction, held this was an ex post facto law in its application to felonies committed before the Territory became a State, because at the time of the commission of the crime the accused was given the right under the Constitution of the United States, being the law of the Territory, to be tried by a jury of twelve.

are always subject to reconsideration, a fact amply demonstrated by the instant decision."

For the reasons assigned the conviction and sentence are affirmed.